UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE KWONG,<br><br>        Plaintiff,<br><br>    v.<br><br>GWENETTE MOORE,<br><br>        Defendant. | Case No. 13-cv-01896-JCS<br><br>**REPORT AND RECOMMENDATION RE ORDER TO SHOW CAUSE**<br><br>Dkt. No. 6. |

## I.  INTRODUCTION

This is an unlawful detainer action where Defendant Gwenette Moore ("Defendant") has removed the case to federal court. There is no diversity and no federal question on the face of the complaint. On May 6, 2013, the Court issued an Order to Show Cause why the case should not be remanded to the Superior Court of California, County of Contra Costa for lack of subject matter jurisdiction. Defendant filed an opposition, described below, but did not appear at the hearing on the Order to Show Cause, held on May 17, 2013 at 1:30 pm. For the reasons stated below, the Court recommends that the action be remanded to the Superior Court of California, County of Contra Costa.

## II.  BACKGROUND

Plaintiff Jade Kwong ("Plaintiff") is the owner of the property located at 3130 Birmingham Drive, Richmond, CA. Dkt. No. 1 at 5 (Notice of Removal, including Complaint for Unlawful Detainer). On March 19, 2013, Plaintiff filed a Complaint in the Superior Court for the County of Contra Costa for unlawful detainer seeking to recover possession of this property. *Id*. at 5-7. The Complaint was personally served on Defendant on March 21, 2013. Plaintiff's Request for Judicial Notice ("RJN"), Ex. 2 (Proof of Service of the Summons and Complaint). Defendant filed an Answer to the Complaint, dated March 22, 2013, and served the Answer on Plaintiff on March 22, 2013. RJN, Ex. 3. Three days later, Plaintiff moved to Quash Service of the Summons and the Complaint. RJN, Ex. 4. On April 15, 2013, Plaintiff filed an Opposition to Defendant's

Demurrer. RJN, Ex. 5.[1] On April 22, 2013, Defendant filed a Proposed Verified Answer to Complaint. RJN, Ex. 6. On April 25, 2013 the state court issued a Notice of Hearing on Court Trial. RJN, Ex. 7. That same day, Defendant filed the Notice of Removal in this Court. Dkt. No. 1.

Opposing the Court's Order to Show Cause, Defendant asserts that jurisdiction is proper (1) by virtue of the parties' participation in the Section 8 Housing program funded by the Department of Housing and Urban Development; and (2) because the state court has denied Defendant due process by denying her fee waiver applications and denying her proper calendar time for filing motions. Opposition to Order to Show Cause, 2. In addition, in the Notice of Removal, Defendant asserted that jurisdiction in this Court is proper on the bases of (1) federal question jurisdiction; (2) diversity jurisdiction; (3) the district court's original jurisdiction of any civil action arising under any Act of Congress relating to the postal service; (4) removal jurisdiction in actions commenced in State court directed against federal officers; and (5) removal jurisdiction over an action commenced in a State court against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Dkt. No. 1, 2 (citing 28 U.S.C. §§ 1331, 1339, 1441(b), 1442(a), 1443(1)). Defendant also states that the state court has no jurisdiction over Plaintiff pursuant to California Code of Civil Procedure section 4187.10(a)(1). *Id*.[2]

**III.   ANALYSIS**

    **A.   Legal Standard Governing Removal**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the

---

[1] No copy of the demurrer has been provided.
[2] This cited code section does not exist.

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* "A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (stating that a plaintiff is the "master of the complaint" who may "avoid federal jurisdiction by pleading solely state-law claims"). Moreover, federal jurisdiction may not rest on a federal counterclaim, even when compulsory. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 828, 830-32, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires complete diversity of citizenship and an amount in controversy in excess of $75,000. When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). Moreover, an action may only be removed on the basis of diversity where no defendant is a citizen of the forum state. 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). "If at any time before

final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant cites several additional code sections. 28 U.S.C. § 1339 provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service."

28 U.S.C. § 1442(a) provides: "A civil action or criminal prosecution that is commenced in a State court that is against or directed to any of the following may be removed…: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue. (2) A property holder whose title is derived from any such officer, where such an action or prosecution affects the validity of any law of the United States. (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties[.] (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House."

28 U.S.C. § 1443(1) provides: Any of the following civil actions or criminal prosecutions, commenced in State court may be removed by the defendant…: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof…" To remove a case under section 1443(1), a notice of removal must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* (quoting *Sandoval*, 343 F.2d at 636).

4

**B.     Application to Facts**

Defendant's removal of this case was improper.

First, the removal was untimely. Defendant did not seek removal until more than thirty days after receiving the summons and complaint, during which time Defendant unsuccessfully sought to demur the action.

Second, the Court does not have jurisdiction based on diversity because the amount in controversy does not exceed $75,000. Instead, the limited civil Complaint in this action seeks less than $10,000. Dkt. No. 1 at 5. In addition, it appears that Defendant appears to be a citizen of California and therefore is unable to remove the action on the basis of diversity.

Third, there is no federal question jurisdiction. Under the well-pleaded complaint rule, federal question jurisdiction must arise from the face of the complaint. *Merrell Dow*, 478 U.S. at 808. Here, Plaintiff asserted in its Complaint a state law cause of action for unlawful detainer. *Wells Fargo Bank v. Lapeen*, No. 11-1932-LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law."). There is no federal question on the face of the complaints to confer jurisdiction upon this court.

Fourth, 28 U.S.C. § 1339 is inapplicable because this action does not "aris[e] under any Act of Congress relating to the postal service."

Fifth, 28 U.S.C. § 1142(a) is inapplicable because, based on the present record, this action does not involve the United States, any agency or officer (or person acting under any officer) of any agency thereof, a property owner whose title is derived from such an officer, any officer of the courts, or any officer of either House of Congress.

Sixth, 28 U.S.C. § 1443(1) is inapplicable. Defendant appears to rely on 42 U.S.C. § 2000a as an explicit statutory enactment protecting equal racial civil rights that would provide a defense to the unlawful detainer action. Whether or not Defendant has sufficiently done so, Defendant has not identified any state statute or constitutional provision that "purports to command state courts to ignore the federal rights."

Accordingly, this action should be remanded to the Superior Court of the County of Contra

5

1  Costa. Therefore, the court recommends remanding the case with no further delay.

### C. Whether Fees and Costs Should be Awarded

Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court in *Martin* explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* In *Lussier v. Dollar Tree Stores, Inc.*, the Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the objective reasonableness of the removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the defendant's arguments for removal. *Id.* at 1066-67.

In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts afford significant weight to the defendant's lack of representation. *See, e.g., OneWest Bank, FSB v. Mohr*, 2010 WL 2721437 (N.D. Cal. July 7, 2010) (declining to award fees despite untimely removal and suggestion of bad faith on basis that unrepresented status of defendants constituted "unusual circumstances;" although it would have been "readily apparent" to an attorney that removal lacked merit, these defendants did not have the "benefit of legal counsel"); *Szanto v. Szanto Revocable Trust of 1991*, 2010 WL 2280356 (N.D. Cal. June 7, 2010) (denying motion for fees because defendant's mistake was "understandable" for a pro se litigant); *Citibank N.A. v. Ortiz*, 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees "in consideration of Defendant's pro se status"); *J.P. Morgan Chase Bank v. Peterson*, 2005 WL 2334712, at *4 (E.D. Cal. Sept. 21, 2005) (noting court's earlier denial of fees on the basis of defendant's lack of representation).

The Court declines to award fees and costs incurred as a result of Defendant's improper

removal in light of the fact that Defendant is not represented by counsel.  Defendant is cautioned, however, that the Court will impose sanctions if she improperly removes this action to federal court in the future.

### IV. CONCLUSION

For the reasons stated above, the court RECOMMENDS that this action be remanded to the Superior Court of the County of Contra Costa.  The Clerk shall reassign this case to a United States District Judge for action on this Report and Recommendation.

IT IS SO ORDERED.

Dated: May 17, 2013

_____
Joseph C. Spero
United States Magistrate Judge